IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE CLUGSTON,  :  <br>    Plaintiff  :  <br>  :  <br>    v.   :  <br>  :  <br> NATIONWIDE MUTUAL INSURANCE  :  <br> COMPANY,  :  <br>    Defendant  : | 3:05-CV-2680 <br>(Chief Judge Vanaskie) |

## MEMORANDUM

Plaintiff Lawrence Clugston has filed this diversity action, asserting breach of contract, bad faith liability under 42 Pa. Cons. Stat. Ann. § 8371, and violation of the Unfair Trade Practices and Consumer Protection Law (75 P.S. § 201.1-1, et seq.).  Clugston contends that Defendant Nationwide Mutual Insurance Company ("Nationwide") has refused to handle in good faith his claim for benefits arising out of damage to his motor vehicle caused by flooding in his basement garage.

On August 29, 2005, Clugston filed a complaint in the Monroe County Court of Common Pleas.   Asserting diversity of citizenship jurisdiction, Nationwide removed the case to the United States District Court for the Middle District of Pennsylvania.  Currently pending is Nationwide's motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6), Nationwide's motion to strike Paragraph 20 of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f), and Clugston's motion to strike Exhibit A of Nationwide's motion to dismiss.

Nationwide contends that Clugston has failed, on all counts of his complaint, to state a claim upon which relief can be granted. Because Clugston may not bring a claim based on the implied covenant of good faith and fair dealing (Count I) in this instance, Nationwide's motion to dismiss will be granted as to that count and it will be dismissed with prejudice. In all other respects, Nationwide's motion to dismiss will be denied. Nationwide's motion to strike Paragraph 20 of Plaintiff's complaint will be granted, and Clugston's motion to strike Exhibit A of Nationwide's motion to dismiss will be denied.

## BACKGROUND

The Complaint avers as follows: On July 19, 2003, Clugston's automobile suffered damage from flooding in his basement garage caused by heavy rains. Clugston promptly notified Nationwide, his automobile insurance carrier. Nationwide responded by stating that it would have Clugston's automobile repaired within three days. Nationwide, however, did not conduct an evaluation of the damage to Clugston's automobile until August 5, 2003, sixteen (16) days after being presented the claim. Nationwide did not assess the damage to the automobile's interior at this time, only doing so on its second estimate performed on November 23, 2003. Moreover, Nationwide did not repair Clugston's automobile, even though Clugston complained to Nationwide in December 2003 and Nationwide indicated that it would follow up with an appointment.

## DISCUSSION

### A.    Motion to Dismiss Standard

In deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences from the facts pled in the complaint and construe them in the light most favorable to the claimant.  Unger v. National Residents Matching Program, 928 F.2d 1392, 1400 (3d Cir. 1991); Truhe v. Rupell, 641 F. Supp. 57 (M.D. Pa. 1985).  The court, however, need not accept as true "conclusory allegations of law, unsupported conclusions and unwarranted inferences."  Pennsylvania House, Inc. v. Barrett, 760 F. Supp. 439, 449-50 (M.D. Pa. 1991).  Thus, a Rule 12(b)(6) motion does not serve to question a plaintiff's well-pled facts, but rather tests the legal foundation of the plaintiff's claims.  United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989).  The Rule 12(b)(6) movant carries the burden of showing the legal insufficiency of the claims asserted.  Johnsrud v. Carter, 620 F. 2d 29, 33 (3d Cir. 1980).  A Rule12(b)(6) motion will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Pennsylvania House, 760 F. Supp. at 449-50; see Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001) ("[w]e may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations").[1]

## B.    Count I:   Breach of Contract

Count I of Clugston's complaint sounds in breach of contract.  Clugston asserts that Nationwide contractually breached the implied covenant of good faith and fair dealing.  The Third Circuit found in Northview Motors, Inc. vs. Chrysler Motors Corp. 227 F.3d 78, 92 (3d Cir. 2000), however, that Pennsylvania courts would likely deny a claim based on the implied covenant of good faith and fair dealing where another cause of action could be brought based on the same facts.[2]  See Grider v. Keystone Health Plan, Inc., No. Civ. A. 01-CV-05641, 2003 WL 22182905, at *32-33 (E.D. Pa. Sept. 18, 2003); Hardinger v. Motorists Mut. Ins. Co. No. Civ.

---

[1] A federal court sitting in diversity must apply the substantive law of the forum.  See Clark v. Modern Group Ltd., 9 F.3d 321, 326 (3d Cir. 1993).  Therefore, in the case sub judice, the substantive law of Pennsylvania will apply to the facts of this case.

[2] The court in Northview Motors stated:

> [W]e believe that if a plaintiff alleging a violation of the implied covenant of good faith also were to file a claim for fraud based on the same set of facts, Pennsylvania courts likely would decline to proceed with the claim alleging bad faith.  Instead, Pennsylvania courts would consider the other claims in the plaintiff's complaint.  Such an approach limits the use of the bad faith cause of action to those instances where it is essential.  The covenant of good faith necessarily is vague and amorphous.  Without such judicial limitations in its application, every plaintiff would have an incentive to include bad faith allegations in every contract action.

Id. at 92.  This rationale compels the conclusion that a claim for breach of the implied covenant of good faith and fair dealing would not be recognized where, as here, the plaintiff presents a statutory bad faith claim.

A. 03-CV-115, 2003 WL 21250664, at *1-2 (E.D. Pa. Feb. 27, 2003).  See also  Bohinick v. State Farm Mut. Auto. Ins. Co. No. Civ. A. 99-CV-2278,1999 WL 238947, at *2 n.2 (E.D. Pa. May 29, 1999) ("Nor does Pennsylvania allow a common law breach of contract suit to be brought predicated upon the violation of the implied covenant of good faith and fair dealing. D'Ambrosio v. Pennsylvania Nat. Mut. Cas. Ins. Co., 431 A.2d 966 (Pa. 1981); Evans v. GEICO, 435 A.2d 1258, 1259 (Pa. Super. 1981).  Rather, relief for bad faith dealing is appropriately sought under the statutory provisions of 42 Pa. Cons. Stat. Ann. § 8371."). Because Clugston brings a bad faith liability claim, pursuant to 42 Pa. Cons. Stat. Ann. § 8371, based on the same set of facts, he may not bring a claim based on the implied covenant of good faith and fair dealing.  Accordingly, Nationwide's motion to dismiss Count I will be granted.

**C.     Count II:  Bad Faith Liability**

In Count II of the complaint, Clugston asserts a cause of action under Pennsylvania's "Bad Faith" statute, 42 Pa. Cons. Stat. Ann. § 8371.  Clugston alleges that Nationwide acted in bad faith when it failed or refused to adequately investigate and evaluate his loss, to maintain proper communications in the handling of his claim, and to pay his insurance benefits. Nationwide disputes this allegation and argues that its actions do not fall within the ambit of 42 Pa. Cons. Stat. Ann. § 8371.

In Klinger v. State Farm Mut. Auto. Ins. Co, 115 F.3d 230, 233 (3d Cir. 1997), the Third Circuit declared that the proper standard for bad faith claims under section 8371 is set forth in

Terletsky v. Prudential Prop. & Cas. Ins. Co., 437 Pa. Super. 108, 649 A.2d 680, 688 (1994), app. denied, 540 Pa. 641, 659 A.2d 560 (1995).[3]  In Terletsky, the Pennsylvania Superior Court applied a two-part test, both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis.  Id.  The Terletsky court also stated:

> "[b]ad faith" on the part of an insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imparts a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Id. (quoting Black's Law Dictionary 139 (6th ed. 1990)).

Nationwide contends that Clugston has not alleged either element of the two-part test announced by the Terletsky court and reaffirmed by the Third Circuit in Klinger.  It is sufficient, however, that at this juncture of the case Clugston has alleged that Nationwide delayed the

---

[3] Section 8371 states:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
 (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
 (2) Award punitive damages against the insurer
 (3) Assess court costs and attorney fees against the insurer.

6

processing of the claim without a reasonable basis to do so. Whether such an assertion can be established must await the outcome of discovery. Accordingly, Nationwide's motion to dismiss Count II will be denied.

### D.	Count III:  UTPCPL

Count III of Clugston's complaint alleges that Nationwide and its agents violated the UTPCPL for the same reasons as set forth in Count II. To maintain a cause of action under the UTPCPL, a defendant's alleged actions must rise to the level of unfair or deceptive practices as articulated in 73 P.S. § 201-2(4).[4] The purpose of the UTPCPL is "to place on more equal terms seller and consumer," and "to ensure the fairness of market transactions." Commonwealth by Creamer v. Monumental Properties, Inc., 459 Pa. 450, 329 A.2d 812, 816 (1974).   Pennsylvania courts have read the UTPCPL liberally to effectuate its intent.  See e.g., Keller v. Volkswagen of Am., Inc., 733 A.2d 642, 646 (Pa. Super. Ct. 1999); Pirozzi v. Penske Olds-Cadillac-GMC, Inc., 605 A.2d 373, 376 (noting that the public policy purpose of UTPCPL is to prevent unfair or deceptive business practices) (Pa. Super. Ct. 1992), app. denied, 532 Pa.

---

[4] The UTPCPL prohibits "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. § 201-1. The UTPCPL provides a private cause of action to "any person who purchases or leases goods or services primarily for personal, family, or household purposes, and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by Section 3 of this [A]ct." 73 P.S. § 201-9.2(a). The statute allows the courts to award up to three times the actual damages sustained, and may "provide such additional relief"as it deems necessary or proper. Lites v. Great Am. Ins. Co, No. Civ. A. 00-525, 2000 WL 875698, at *2 n.1 (E.D. Pa. June 23, 2000).

665, 616 A.2d 985 (1992).  Unlawful conduct under the the UTPCPL has been interpreted by the courts to be measured by a standard of misfeasance, or the improper performance of a contractual obligation.  Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 307 (3d Cir. 1995).  However, mere nonfeasance, or the failure to perform, alone is not sufficient to raise a claim under the UTPCPL.  McAlister v. Sentry Ins. Co., No. Civ. A. 91-1701, 1991 WL 102973, at *10 (E.D. Pa. June 11, 1991).

Nationwide contends that because it has allegedly failed to perform obligations Clugston believes were owed under his policy, such a failure is only nonfeasance, and thus, is not actionable under UTPCPL.  Clugston's complaint, however, alleges facts suggesting more than nonfeasance.  In his complaint, Clugston asserts that Nationwide failed or refused to conduct an adequate investigation and evaluation of the loss.  Furthermore, Clugston contends that Nationwide failed or refused to maintain proper communications with him with respect to the loss.

In Abramson v. State Farm Ins., No. Civ. A. 92-7239, 1993 WL 126413, at *1 (E.D. Pa. April 16, 1993), a defendant automobile insurer refused reimbursement for the plaintiff's stolen car according to the terms of the insurance policy.  The plaintiffs filed suit, asserting, inter alia, a violation of the UTPCPL.  Id.  The plaintiffs claimed that unfair and deceptive business practices conducted by the defendant included failing to promptly resolve their claim, failing to objectively and fairly evaluate the claims, "concocting a frivolous defense," and "unnecessarily and

unreasonably compelling plaintiffs to file suit." Id. at *3.  The defendant argued that the allegations amounted to no more than non-payment of a claim, and thus did not constitute misfeasance.  The court disagreed, concluding that the allegation that the defendant had acted "affirmatively and in bad faith to frustrate" the plaintiff's claim was sufficient to withstand the motion to dismiss.  Id. at *6; see also Carlucci v. Maryland Cas. Co., No. Civ. A. 98-3294, 1999 WL 179750, at *1 (E.D. Pa. March 15, 1999) (concluding that if the plaintiff could establish facts to support her allegation that the defendant failed to "investigate, evaluate, negotiate, and otherwise handle her claim properly," she might be entitled to relief).  Id.  (Emphasis in original.)

In the instant case, like in Abramson and Carlucci, in addition to the failure to pay benefits, Clugston has also alleged that Nationwide acted willfully and or recklessly in its handling of his claim.  Clugston's allegations, at the present stage in the litigation, are sufficient to survive a motion to dismiss for failure to state claim under the UTPCPL.  See Seldman v. Minnesota Mut. Life Ins. Co., 40 F. Supp. 2d 590, 596 (E.D. Pa. 1997) (an allegation of misfeasance may be sufficient to withstand a motion to dismiss, while a motion for summary judgment requires evidence of misfeasance).  Therefore, because Clugston has alleged facts sufficient to suggest that he is entitled to relief under the UTPCPL, Nationwide's motion to dismiss Count III will be denied.

### E. Nationwide's Motion to Strike Paragraph 20

Paragraph 20 of Clugston's complaint asserts that an officer at the Pennsylvania

Department of Insurance (DOI), Bureau of Consumer Services, described Clugston's situation as "one of the worst claims handlings by Nationwide she had ever witnessed while working for the PA DOI." Nationwide contends that Clugston's complaint to the DOI did not result in any adjudication or finding of fact, and that thus Paragraph 20 should be stricken. Clugston asserts that Paragraph 20 serves to illustrate Nationwide's culpability in the handling of his claim. However, "references to preliminary steps in litigation or administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f) of the Federal Rules of Civil Procedure." In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 218 F.R.D. 76, 78-79 (S.D. N.Y.  2003). Accordingly, Paragraph 20 of the Complaint is simply not pertinent to the issues in this case.  The averment is certainly not essential to any claim presented.  Accordingly, Nationwide's motion to strike Paragraph 20 will be granted.

### F.     Clugston's Motion to Strike Exhibit A

Clugston has moved to strike Exhibit A of Defendant's motion to dismiss, a copy of Clugston's Nationwide policy.  Clugston contends that Exhibit A, filed on February 9, 2006, was not properly filed within ten days of Nationwide's filing of its motion to dismiss, as required by Local Rule 7.3. Although Clugston's position is accurate, nothing would be gained by striking the exhibit at this time.  As pointed out by Nationwide, it is appropriate to call to the attention of the Court the terms of an insurance policy on which the plaintiff's claim is premised.  Thus,

Clugston's motion to strike will be denied.

**CONCLUSION**

For the foregoing reasons, Nationwide's motion to dismiss Count I will be granted. In all other respects, Nationwide's motion to dismiss will be denied. Nationwide's motion to strike Paragraph 20 will be granted. Clugston's motion to strike Exhibit A will be denied. An appropriate order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE CLUGSTON, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | 3:05-CV-2680 |
| | : | (Chief Judge Vanaskie) |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | : | |
| Defendant | : | |

## ORDER

**NOW, THIS 10th DAY OF MAY, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant Nationwide's Motion to Dismiss (Dkt. Entry 3) will be **GRANTED IN PART and DENIED IN PART.**

    A. Defendant's Motion to Dismiss is **GRANTED** as to Count I (Breach of Contract), and this claim is dismissed with prejudice.

    B. In all other respects, Defendant's Motion to Dismiss is **DENIED**.

2. Defendant's Motion to strike Paragraph 20 of Plaintiff's complaint is **GRANTED.**

    3.    Plaintiff's Motion to strike Exhibit A of Defendant's Motion to Dismiss (Dkt. Entry 9) is **DENIED**.

    **s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania